## Jenkins *v*. Statler, Appellant.

*Justice of the peace — Proceedings against justice — Summary judgment—Trial by jury—Act of March 28, 1820, 7 Sm. L. 310.*

In a proceeding under the Act of March 28, 1820, 7 Sm. L. 310, against a justice of the peace to recover money collected by him, a summary judgment without trial by jury, cannot be entered against the justice, if the record shows the justice appeared and filed an answer denying the material facts stated in the petition.

Argued April 8, 1918.    Appeal, No. 138, April T., 1918, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1917, No. 241, in proceedings under the Act of March 28, 1820, 7 Sm. L. 310, to compel payment of money in case of Thomas C. Jenkins v. George Statler.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Petition under the Act of March 28, 1820, 7 Sm. L. 310, to compel a justice of the peace to pay over money collected by him.    Before RUPPEL, P. J.

388, (1918).]  Assignment of Error—Opinion of the Court.

The record showed that the respondent appeared and filed an answer denying that he received or collected any moneys of the petitioners as alleged in the petition. The court entered a summary judgment, without trial by jury.

*Error assigned* was the judgment of the court.

*Donald E. Dufton,* for appellant.

*C. W. Walker,* with him *L. C. Colborn,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

If the court below was invested with power to enter the summary judgment complained of, the source of such power must be found in the Act of March 28, 1820; 7 Sm. L. 310; Stewart's Purdon, Vol. II, 2165. We may agree the petition filed by the plaintiff set forth a cause of action within the purview of the statute. The notice and rule provided for were issued. The defendant, who was a justice of the peace, appeared and filed an answer. A brief quotation from the provisions of the act will show that the learned judge below was not warranted in entering a summary judgment against the defendant.

As the defendant appeared, we need not consider the power of the court in a case where he neglects or refuses to appear. Let us turn to the language of the statute declaring the procedure where the defendant does appear and answers. "......If the said justice appears in pursuance of the notice and admits the facts set forth in the petition......, the said court shall enter judgment for the amount so retained by the justice;......but should the facts stated in the petition be disputed by the justice, the said court shall, upon his appearance, form an issue in such manner as is calculated to do justice to the contending parties and the whole issue shall be fully and fairly tried, etc." The most material allegations in the plaintiff's petition are contained in paragraphs six and seven thereof. We have already seen that the power of

the court to enter a summary judgment depends wholly and entirely on the act or omission of the responding magistrate. If he fail to appear, then the court may act. If he do appear and then admits the jurisdictional facts, again the court may enter a summary judgment. But if the defendant has appeared; if he has filed an answer that does not admit the truth of the allegations set forth in the petition, then the duty of the court is to form an issue and give the parties an opportunity to establish their respective contentions before a jury. As to the sixth paragraph of the plaintiff's petition, we quote from the answer: "The defendant denies the averments contained and set forth in the sixth paragraph of the plaintiff's petition and avers that the facts relating thereto are as follows, etc." The answer to the seventh paragraph is in the same form.

Were the court below authorized to find facts from the evidence and base conclusions of law thereon and then enter a summary judgment, we would have an entirely different question before us. But, as we read the statute and the answer of the defendant, there was no ground for the entry of a summary judgment by the court below. Compliance with the requirements of the act quoted would necessitate an order for an issue to dispose of the questions in controversy. We therefore reverse the judgment with a procedendo so that the questions involved may be disposed of in accordance with the provisions of the statute.

Judgment reversed and a procedendo awarded.